**UNITED STATES of America, Appellee,**

**v.**

**Julian Reo TIBBS, Appellant.**

**No. 15337.**

United States Court of Appeals, Fourth Circuit.

May 19, 1971.

John F. Deal and Deal & Kapral, Sandston, Va., on brief, for appellant.

Brian P. Gettings, U. S. Atty., and Rodney Sager, Asst. U. S. Atty., on brief, for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

Appellant was tried and convicted on various charges growing out of violations of Title 18 U.S.C. § 371, Title 18 U.S.C. § 473, Title 18 U.S.C. § 472, pertaining to various aspects of dealing in counterfeited obligations, and Title 18 U.S.C. § 2, relating to conspiracy.

One of the appellant's principal claims is that he was entitled under the evidence to an entrapment instruction based solely on his testimony at trial that he thought he was acting as a Government agent at the time of the alleged offenses. His request for such an instruction was refused. There is no other evidence which would require an entrapment instruction and the district court so found. The law is clear that the issue of entrapment need not be submitted to the jury unless warranted by the evidence. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

However, the district court gave an instruction to the effect that if the jury found that appellant honestly and in good faith thought that he was working for the Government he should be acquitted.

Such an instruction would seem to be more favorable to the appellant than any possible entrapment instruction and, in fact, appellant's counsel agreed that the instruction given would be sufficient in lieu of the submission of the entrapment issue.

Tibbs complains that the evidence was insufficient to sustain the conviction but a review of the record indicates that the evidence of the guilt of the defendant was overwhelming.

Upon consideration of the record and the briefs we find no error.

Affirmed.